IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAVADO AUDRIC THOMPSON,
Inmate No. C01034,
    Plaintiff,

vs.                                                Case No.: 3:14cv246/MCR/EMT

JOHN WILLIS, Warden, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's second amended civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 12). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 4).

Because Plaintiff is a prisoner proceeding in forma pauperis, the court may dismiss this case, or any portion thereof, if satisfied that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are

taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

     The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions"

that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Second Amended Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face as to Defendant Warden John Willis. Dismissal of this Defendant from the case is therefore warranted.

Although Plaintiff is an inmate currently housed at the Northwest Florida Reception Center, his claim concerns events that occurred where he was formerly incarcerated at Okaloosa Correctional Institution ("OCI"). Plaintiff states that in December of 2013 he was physically and sexually assaulted by Defendant

Case No.: 3:14cv246/MCR/EMT

Correctional Officer Patrick Walsh who allegedly grabbed him in his genital area while escorting him in the compound. Plaintiff states that these actions were taken in retaliation after he had petitioned the Governor (evidently of Florida) regarding sexual abuse at the institution. Plaintiff also alleges that, while he was in his cell, Defendant Captain Freddy Johnson without justification sprayed chemical agents on him, also as a means of retaliation for his petition to the Governor. Plaintiff also states that he has been threatened with false disciplinary reports and tampering with his food. Plaintiff states as a result that he experienced ongoing pain and suffering, for which he claims a violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff seeks compensatory and punitive damages.

In particular, Plaintiff alleges that Defendant Warden Willis is liable because he notified Willis of the above incidents through the prison grievance system, requesting that he be placed into protective management. Plaintiff also makes the bare assertion that Willis authorized the use of retaliatory force against him. As Plaintiff was previously informed in the court's order to amend, supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Supervisory liability may occur only when the supervisor personally participates in the alleged unconstitutional conduct or when

there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999). Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).

Filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their

constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F.3d at 1360 (internal quotation marks and citation omitted). Therefore, if Plaintiff names the warden and other supervisory officials as defendants, he must allege facts showing a sufficient causal connection between their conduct and the alleged constitutional violations.

As it concerns the allegations in the complaint, Plaintiff's only dealings with Defendant Willis were those attendant to the prison grievances he filed, which, as the above case law instructs, is insufficient. Plaintiff's indication that Willis authorized the retaliatory actions he describes is wholly without support and evidently based on conjecture. Therefore, Defendant Willis should be dismissed from this action because the claims against him are based on no more than a theory of respondeat superior or vicarious liability, which provides no basis for liability under Section 1983.

The court will separately order that Plaintiff file a third amended complaint that

excises this Defendant, so that the complaint may be served against the remaining Defendants.

Accordingly, it respectfully **RECOMMENDED**:

That the claims against **Defendant Warden John Willis** be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 9<u>th</u> day of June 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**