# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

JAVADO AUDRIC THOMPSON,
Inmate No. C01034,

    Plaintiff,

v.                                               CASE NO. 3:14cv246/MCR/EMT

Captain PATRICK WALSH and
Officer FREDDY JOHNSON,

    Defendants.
_____/

## **O R D E R**

This case is before the court on the Chief Magistrate Judge's Report and Recommendation dated July 19, 2018. ECF No. 80. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). *See* ECF Nos. 81, 82, 83, 84, 85. The Court has made a *de novo* determination of the timely filed objections.

Having considered the Report and Recommendation, and the objections of both parties, the Court finds that the Report and Recommendation should be adopted with one revision. Although, as the Chief Magistrate Judge found, the scope of Plaintiff's

retaliation claim exceeds his allegation of retaliatory false disciplinary reports ("DRs"), the Court agrees with Defendants in one limited respect, that is, that Plaintiff's claim of First Amendment retaliation must be dismissed insofar as it is based on Plaintiff's allegation that Officer Johnson "authoriz[ed] false DRs as punishment" for Plaintiff's conduct of petitioning the governor or filing a grievance. Because the undisputed record shows that Plaintiff received due process with regard to each of the DRs at issue, Plaintiff cannot state a retaliation claim based Officer Johnson's authorizing the filing of the DRs. *See O'Bryant v. Finch*, 637 F.3d 1207, 1217 (11th Cir. 2011) (no retaliation claim can be stated against a prison employee who reported a disciplinary infraction if the prisoner was later found guilty of it after being afforded due process where there was evidence to support the disciplinary panel's finding). The Court agrees with the Chief Magistrate Judge that a question of fact exists as to the other forms of retaliation Plaintiff represented. Having fully considered the remaining objections of both parties, the Court finds them to be without merit for reasons stated by the Chief Magistrate Judge.[1]

---

[1] In addition, the Court finds no merit to the Defendants' contention that recent Supreme Court cases (which address the qualified immunity standard under the Fourth Amendment) have overruled the Eleventh Circuit's case of *Johnson v. Breeden,* 280 F.3d 1308 (11th Cir. 2002) (finding that the subjective element of an Eighth Amendment claim is so extreme that "there is no room for qualified immunity"). The Supreme Court cases Defendants cite address only the Fourth Amendment qualified immunity standard, which does not apply in this context, no the Eighth Amendment standard. Also, because the Defendants conceded in the summary judgment motion that there is a question of fact on whether there has been a constitutional violation, ECF No. 56, at 27,

Case No. 3:14cv246/MCR/EMT

Accordingly, it is now **ORDERED** as follows:

1. The Chief Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this Order, modified only to dismiss in part the retaliation claim against Officer Johnson that relies on "authorizing false DRs as punishment."

2. Defendants' Motion for Summary Judgment, ECF No. 56, is **GRANTED IN PART** as to all of Plaintiff's claims for damages except for a nominal damage award and as to that portion of the retaliation claim against Officer Johnson that relies on "authorizing false DRs as punishment;" the motion is **DENIED** in all other respects.

3. The Clerk is directed to refer the case to the Magistrate Judge for further proceedings and a pretrial settlement conference.

**DONE AND ORDERED** this 28th day of August 2018.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

as the Chief Magistrate Judge also noted, they are not permitted to argue otherwise in an objection.

Case No. 3:14cv246/MCR/EMT